IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| ALLIED WORLD SPECIALTY INSURANCE COMPANY, *formally known as* DARWIN NATIONAL ASSURANCE COMPANY | : : : : : : | CIVIL ACTION No. 17-1463 |
| v. | : : | |
| INDEPENDENCE BLUE CROSS | : | |

## MEMORANDUM

**Juan R. Sánchez, J.**                                                                            October 31, 2017

      Plaintiff Allied World Specialty Insurance Company f/k/a Darwin National Assurance Company seeks a declaratory judgment that the Managed Care Organization Errors and Omissions Liability Insurance Policy it issued to Defendant Independence Blue Cross, LLC (the Policy) provides no coverage for the claims asserted against Independence in multi-district litigation in which Independence is a defendant in the Northern District of Alabama. *See In re: Blue Cross Blue Shield Antitrust Litig.*, Master File No. 2:13-cv-20000-RDP (M.D. Ala.) (the MDL Action). Allied World asserts there is no coverage for the MDL Action and the cases consolidated therein under the Policy because (1) the claims asserted against Independence fall under the "Related Claim" Exclusion in the Policy; (2) the claims asserted against Independence fall under the "Prior or Pending or Prior Claims" Exclusions in the Policy; and (3) plaintiffs in the MDL Action seek relief that does not constitute "Loss" under the Policy and/or is uninsurable as a matter of law. Independence moves to dismiss or stay this declaratory judgment action, asserting Allied World's coverage obligations depend on the outcome of claims that have yet to be resolved in the MDL Action. In response, Allied World argues its "threshold questions" of whether the Related Claim and/or Prior Litigation Exclusions within the Policy bar

coverage do not depend on the development of the underlying action and are ripe for review. The Court agrees with Allied World. Allied World's secondary question of whether the relief sought by the plaintiffs in the MDL Action is covered under the Policy, however, cannot be addressed until resolution of the plaintiffs' claims for relief. Independence's Motion to Dismiss or Stay is therefore denied in part, and granted in part insofar as the discrete issue of whether the relief sought by the plaintiffs in the MDL Action is covered under the Policy is stayed for a period of six months.

**BACKGROUND**

In 2012, several class action lawsuits were filed by healthcare providers and subscribers against multiple Blue Cross Blue Shield entities and member plans, including Independence (the Blues), and the Blue Cross Blue Shield Association, alleging the defendants "conspired to leverage their economic power and market dominance to under-compensate healthcare providers for their services and to increase healthcare costs to subscribers by coordinating their operations and limiting their activities through restrictions in their trademark licenses," in violation of federal antitrust laws. Compl. ¶ 7. Several of these actions were transferred to the United States District Court for the Northern District of Alabama for coordinated pretrial proceedings as part of the MDL Action. The parties to the MDL Action are currently in the midst of discovery. *See* Def.'s Mem. Ex. A (Scheduling Order).

Prior to the filing of the lawsuits consolidated in the MDL Action, Independence was a defendant in another class action, *Love v. Blue Cross Blue Shield Assoc.*, No. 03-21296 (S.D. Fla), which was part of an earlier MDL proceeding styled *In re Managed Care Litigation*, No. 1:00-MDL-1334. As in the MDL Action, the plaintiffs in *Love* alleged the Blues entered into cooperation agreements with each other to maximize their profits, in violation of federal antitrust

laws. Independence was also a defendant in a subsequent action, *Musselman v. Blue Cross Blue Shield of Ala.*, No. 13-20050 (S.D. Fla.), in which provider plaintiffs in the MDL Action, who were also plaintiffs in the *Love* class and participated in the *Love* settlement, sought a declaration that they could assert their antitrust claims in the MDL Action despite being releasing parties in the *Love* settlement.[1]

Following the commencement of the MDL Action, Independence provided notice of the MDL Action to Allied World and requested coverage under the Policy. In a March 4, 2014, letter, Allied World agreed to reimburse defense costs incurred by Independence in connection with the MDL Action under the Policy, but reserved its rights to deny coverage. *See* Compl. Ex. 7.

Allied World later reversed course, however, advising Independence in a June 14, 2017, letter that it had determined the Policy does not provide coverage for the claims asserted by the plaintiffs in the MDL Action because (1) the MDL Action is a "Related Claim" to previous litigation—the *Love* litigation—under the Policy and is therefore excluded under the Policy's Related Claim Exclusion, and (2) coverage for the MDL Action is also precluded by the Policy's Prior or Pending Litigation or Prior Claims Exclusions. *See* Def.'s Supp. Mem. Ex. C. Allied World also "reserve[d] its rights to the extent that any award might include fines, penalties, non-monetary relief, amounts deemed uninsurable under law, or claim that does not fall within the definition of Loss." *Id.* at 11. As a result, Allied World informed Independence it would no longer advance Independence's defense expenses in the MDL Action, and requested

---

[1] The Blues filed a motion to dismiss the *Musselman* complaint, which the district court granted after finding the antitrust claims asserted by the *Musselman* plaintiffs in the MDL Action were released by the settlement agreements in the *Love* litigation. The United States Court of Appeals for the Eleventh Circuit affirmed that decision. *See Musselman v. Blue Cross Blue Shield of Ala.*, 684 F. App'x 824 (11th Cir. 2017).

reimbursement of amounts advanced to date pursuant to the parties' Defense Expenses Repayment Agreement.[2]

Allied World now seeks a declaratory judgment that the Policy does not provide coverage to Independence for the MDL Action, and that it is entitled to recoup the defense costs it has already expended in the MDL Action. Independence moves to dismiss Allied World's Complaint, arguing Allied World's coverage obligations depend on facts that have yet to be developed in the underlying antitrust cases. In the alternative, Independence moves to stay this action pending the resolution of the MDL Action.

**DISCUSSION**

The Declaratory Judgment Act (DJA) permits a federal court to "declare the rights and other legal relations of any interested party seeking such declaration, whether or not further relief is or could be sought." 28 U.S.C. § 2201(a). The remedy provided by § 2201 is discretionary. *See Wilton v. Seven Falls Co.*, 515 U.S. 277, 287 (1995) ("We have repeatedly characterized the Declaratory Judgment Act as an enabling Act, which confers a discretion on the courts rather than an absolute right upon the litigant." (internal quotation marks omitted)). A court may, in appropriate circumstances, abstain from entertaining an action seeking only declaratory relief, *see Kelly v. Maxum Specialty Ins. Grp.*, 868 F.3d 274, 281 (3d Cir. 2017), or stay a declaratory judgment action, *see Wilton*, 515 U.S. at 282-83.

In deciding whether to entertain a declaratory judgment action, a district court considers factors "bearing on the usefulness of the declaratory judgment remedy, and the fitness of the case for [federal] resolution." *Kelly*, 868 F.3d at 282 (alteration in original). The court must first

---

[2] Independence and Allied World executed a Repayment Agreement, which gives Allied World the right to recoup any defense expenses paid to Independence if it is determined that the Loss incurred by Independence in the MDL Action is not covered by the Policy. *See* Compl. ¶ 49.

determine the "significant" factor of whether there is a "parallel state proceeding." *Id.* The existence of a parallel state proceeding "militates significantly in favor of declining jurisdiction," where as "the absence of pending parallel state proceedings militates significantly in favor of exercising jurisdiction." *Id.*

> The court must then consider other relevant factors, including, but not limited to:
>
> (1) the likelihood that a federal court declaration will resolve the uncertainty of obligation which gave rise to the controversy;
> (2) the convenience of the parties;
> (3) the public interest in settlement of the uncertainty of obligation;
> (4) the availability and relative convenience of other remedies;
> (5) a general policy of restraint when the same issues are pending in a state court;
> (6) avoidance of duplicative litigation;
> (7) prevention of the use of the declaratory action as a method of procedural fencing or as a means to provide another forum in a race for res judicata; and
> (8) (in the insurance context), an inherent conflict of interest between an insurer's duty to defend in a state court and its attempt to characterize that suit in federal court as falling within the scope of a policy exclusion.

*Id.* at 282-83 (quoting *Reifer v. Westport Ins. Corp.*, 751 F.3d 129, 146 (3d Cir. 2014). Where a parallel state proceeding does not exist, before declining jurisdiction, a court should ensure "the lack of pending parallel state proceedings is outweighed by opposing factors." *Id.* at 282.

The parties agree no parallel state proceeding exists here. The MDL Action is in federal court, and, in any event, it is not a parallel proceeding to the instant declaratory judgment action. *See Kelly*, 868 F.3d at 284 (holding "there must be a substantial similarity in issues and parties between contemporaneous pending proceedings" in order to "make those proceedings parallel"). Thus, this Court may decline jurisdiction only if the lack of a parallel state proceeding is outweighed by the factors enumerated in *Kelly*. The Court finds these factors warrant the exercise of jurisdiction.

There is no serious dispute that the first, second, and fourth factors weigh in favor of exercising jurisdiction. As to the first factor, a declaration in this case would resolve Allied

World's coverage obligations to Independence under the Policy. *See Kelly*, 868 F.3d at 288 ("[A] declaratory judgment by the District Court would resolve the uncertainty that prompted filing of the Declaratory Action[,]" as it "would unquestionably clarify and settle the dispute regarding [the insurer's] obligations under the insurance policy."); *Allied World Surplus Lines Ins. Co. v. Wellmark, Inc.*, No. 17-117, Order at 3 (S.D. Iowa June 27, 2017) (finding that a declaratory judgment regarding Allied World's obligations to Wellmark, another defendant in the MDL Action, would "terminate and afford relief from uncertainty, insecurity, and controversy" to both parties).[3] As to the second factor, the parties will not be inconvenienced by having this matter adjudicated in this forum. Independence has its principal place of business in Pennsylvania, and Allied World chose this forum in filing this lawsuit. The fourth factor also weighs in favor of accepting jurisdiction, as Allied World argues it has no other remedy available, and Independence merely asserts this action is premature, not that other remedies would be adequate or more convenient. *See id.* at 289. Indeed, the "resolution of [the] coverage issue in another action is 'by no means certain and the presence of multiple unrelated issues [makes] *efficient* resolution even less certain.'" *Wellmark*, No. 17-117, Order at 3-4 (S.D. Iowa June 27, 2017) (alterations in original) (quoting *Lexington Ins. Co. v. Integrity Land Title Co.*, 721 F.3d 958, 968 (8th Cir. 2013)).

The parties also do not dispute that the third, seventh, and eighth factors are neutral in this case. As to the third factor, this Court is "well-equipped" to address "the usual [public] interest in the fair adjudication of legal disputes." *Kelly*, 868 F.3d at 288. The seventh factor is neutral, as there are no allegations here of procedural fencing, a race for res judicata, or, more

---

[3] In *Wellmark*, Allied World sought a declaratory judgment that policies it issued to Wellmark, another Blue Cross Blue Shield entity, provided no coverage for a claim arising out of the same MDL Action at issue in this case. The court denied Wellmark's motion to dismiss or stay after applying the relevant factors. *Wellmark*, No. 17-117, Order at 4 (S.D. Iowa June 27, 2017).

generally, improper motive. The eighth factor is also neutral; Allied World has ceased covering defense costs and, therefore, any conflict no longer exists. Further, there is no indication there exists an inherent conflict of interest between Allied World's duty to advance or reimburse defense costs in the MDL Action and its argument that certain policy exclusions prohibit coverage in the MDL Action, as Allied World is not a party to the MDL Action and need not make conflicting legal and factual assertions in the two proceedings. *See Kelly*, 868 F.3d at 289; *cf. Westfield Ins. Co. v. Icon Legacy Custom Modular Homes*, No. 15-0539, 2015 WL 4602262, at *5 (M.D. Pa. July 30, 2015) (finding inherent conflict of interest factor neutral where insurer was pursuing declaratory judgment action against Icon while defending Icon in the underlying action, as the insurer "need not argue against Icon's interest[ ] in this action; it is merely arguing that any liability on Icon's part is not covered under the Policy").

In arguing the Court should dismiss this case, Independence relies primarily on the fifth and sixth *Kelly* factors—"a general policy of restraint" and "duplicative litigation"—arguing these factors weigh heavily in favor of dismissing this action due to the "entanglement" of this action with the MDL Action. Independence argues any coverage determination by this Court depends on the facts that must be determined in the MDL Action, and any findings of facts made by this Court may conflict with the MDL court's findings. Allied World agrees this to be true as to one coverage issue—the "Loss" issue—but argues that whether coverage is barred by the application of the Related Claim and Prior or Pending Litigation Exclusions is solely a question of law.[4] The Court agrees. Independence has offered no argument as to how determining

---

[4] Independence also argues Allied World's reliance on extrinsic evidence in its Complaint and coverage position letter—namely the complaint in *Love* and statements made in the *Musselman* Action—demonstrates a coverage determination cannot be made solely by looking at the complaints in the underlying and prior actions, and is further reason to stay or dismiss this action. Indeed, both parties go to some length to dispute the difference between the standard a court

7

whether those exclusions bar coverage would interfere with the MDL Action, and there is no indication the coverage issue will be addressed in the MDL Action. Thus, a "general policy of restraint" serves no purpose here where Allied World's obligations under the Policy are not pending in the MDL Action. *See Kelly*, 868 F.3d at 289. Similarly, there is no risk of duplicative litigation as to those policy exclusions. *See id.* ("[T]here is no reason at this juncture to be concerned about duplicative litigation as the issues in the two proceedings are distinct."). The Court therefore finds the coverage dispute as to the Related Claim and Prior Litigation Exclusion is ripe for consideration.[5] *See Wellmark*, No. 17-117, Order at 4 (S.D. Iowa June 27,

---

should apply in determining a duty to advance defense costs, a duty to defend, and a duty to indemnify, which standard applies here, and whether the Court may look to evidence outside the four corners of the Complaint. But such questions need not be answered at this time. Contrary to Independence's argument, that this Court must look to pleadings in other cases to determine whether exclusions in the Policy bar coverage in the MDL Action does not mean the Court will "engage in extensive factual inquiries" that may conflict with the factual development of the MDL Action, nor is it dispositive of whether a determination of the coverage dispute is entangled in the underlying action. *See Wellmark*, No. 17-117, Order at 4 (S.D. Iowa June 27, 2017) (finding that although "there may be some issues of overlapping fact, the Court does not see any overlapping issues of law that would result in an 'unnecessary entanglement'" (quoting *Lexington Ins. Co. v. Integrity Land Title Co.*, 721 F.3d 958, 968 (8th Cir. 2013))); *Westfield Ins. Co.*, 2015 WL 4602262, at *4 (finding that although the underlying state court proceedings "may involve many of the same factual issues as this [declaratory judgment action]," those proceedings would "not resolve the fundamental dispute at issue"—whether the insurer must continue to defend the insured); *id.* at *5 (noting that resolving the coverage dispute would "involve[] a comparison of the Policy language with the state court complaints, and possibly any facts uncovered through discovery").

Independence further argues Allied World's prior involvement in the MDL Action—attending court proceedings and mediation sessions and retaining experts—necessarily entangles the two proceedings. *See* Def.'s Reply 3. But Allied World's initial efforts to comply with its duty to advance expense costs do not bear on the entanglement of issues in the two proceedings.

[5] Independence further argues this matter should be dismissed because Allied World, having ceased advancing defense costs, would not be prejudiced if this action were dismissed or stayed. *See* Def.'s Mem. 8 n.3; Def.'s Reply 5. On the other hand, Independence argues, it is prejudiced by having to litigate this action while defending the MDL Action, which may force it to make arguments in support of coverage in this action that could prejudice its defense of the underlying case. Independence relies on a recent order by a district court in the District of Oregon issuing a twelve-month stay of a declaratory judgment action filed by Allied World against Cambia, a co-

2017) (finding there would be no unnecessary entanglement with the MDL Action as a result of "overlapping issues of fact or law," as Allied World was not a party to the underlying MDL Action and the MDL litigation did not "involve interpretations of insurance policy provisions, as Allied World's request for declaratory judgment [did]").

Nevertheless, Allied World has conceded the discrete issue of whether the relief sought by the plaintiffs in the MDL Action constitutes a Loss, is uninsurable as a matter of law, or is otherwise not covered under the Policy depends on the development of facts and the determination of relief in the MDL Action, and may be stayed. Indeed, because relief has not yet been assessed in the MDL Action, it would be premature for this Court to decide whether the relief sought in the underlying action is covered by the Policy. *See Kelly*, 868 F.3d at 287 n.12 ("It is possible that, in certain circumstances, determining the issue of coverage will rely on questions central to the underlying liability proceeding . . . . Even if the proceedings are not parallel . . . such may be the type of situation which nevertheless warrants a court's abstention."). This issue will therefore will be stayed.

---

defendant of Independence in the MDL Action, finding "an adequate showing of hardship to the defendant, to the insured, from having to proceed right now [with discovery and litigation] . . . in light of the fact that the plaintiff is not currently advancing defense costs to its insured." Def.'s Am. Notice of Filing Supp. Auth. Ex. 1 at 6, ECF. 29. Although prejudice is not an enumerated factor in *Kelly*, the Court may consider it. *See Kelly*, 868 F.3d at 282 n.6 (noting the list of factors "is not exhaustive and . . . other considerations might be relevant in the appropriate case"). Nevertheless, the Court does not find that the current lack of prejudice to Allied World— notwithstanding the defense costs it has already advanced to Independence—a determining factor in staying this matter, especially when weighed against the factors that favor maintaining jurisdiction. Moreover, the Court is not persuaded a potential conflict in litigating both actions weighs in favor of dismissal. As an example of such a conflict, Independence admits it has taken inconsistent positions in the *Musselman* action and in the instant action, as it argued in *Musselman* that allegations in the MDL Action involve the same allegations as those made in *Love*, thereby releasing the claims in the MDL Action and barring further litigation. Such arguments now work against Independence, as they tend to admit that the plaintiffs' allegations in the MDL Action arise out of and are related to the allegations in *Love*. Independence fails to demonstrate, however, how that conflict, or any other potential conflict, would prejudice its defense in the MDL Action.

Although a stay is appropriate as to the Loss issue, resolution of the Related Claim and Prior Litigation Exclusions issue may resolve this coverage dispute. If the Court determines those Exclusions bar coverage, the question of whether any relief awarded in the MDL Action constitutes a covered Loss would be moot. On the other hand, if the Court determines the Exclusions do not apply, the remaining issue regarding Loss could be decided upon the assessment of damages against Independence or other resolution of the plaintiffs' claim for relief in the underlying MDL Action. There is therefore no reason not to proceed as to the Exclusion issues at this time.

For the reasons discussed above, Independence's Motion to Dismiss or Stay will be granted insofar as the issue of whether the relief sought by the plaintiffs in the underlying MDL Action is covered under the Policy is stayed for a period of six months. The balance of the Motion is denied, and this case shall proceed as to whether coverage is barred by the Related Claim and/or Prior Litigation Exclusions in the Policy. An appropriate Order follows.

BY THE COURT:

/s/ Juan R. Sánchez
Juan R. Sánchez, J.