IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| ALLIED WORLD SPECIALTY | : | CIVIL ACTION |
| INSURANCE COMPANY | : | |
| | : | No. 17-1463 |
| v. | : | |
| | : | |
| INDEPENDENCE BLUE CROSS | : | |

**MEMORANDUM**

**Juan R. Sánchez, C.J.**                                                                                            **November 26, 2019**

      This declaratory judgment action involves a dispute over insurance coverage pursuant to a primary "errors and omissions" liability policy that Plaintiff Allied World Specialty Insurance Company (Allied) issued to Defendant Independence Blue Cross (Independence). After a year-long, complex mediation involving the parties and nine other insurance carriers who provided insurance coverage to Independence during the relevant policy period, the parties have reached a settlement in principle. After learning that Independence and Allied are finalizing their settlement and are no longer seeking to litigate this matter, Movant Atlantic Specialty Insurance Company (Atlantic) filed the instant motion to intervene. Because the Court finds Atlantic's motion to intervene is untimely, the motion will be denied.

**BACKGROUND**

      Over two years ago, on March 31, 2017, Allied filed this declaratory judgment action against Independence. Allied seeks a declaration regarding its coverage obligations under a primary "errors and omissions" liability insurance policy it issued to Independence with respect to an underlying multidistrict antitrust litigation brought against Independence. At this stage of the litigation, discovery has closed and Allied and Independence have fully briefed and argued cross-motions for summary judgment. Recently, however, after finishing a year-long, complex mediation process, Allied and Independence, along with nine other non-party insurance carriers

that provided insurance to Independence during the relevant policy period, have reached a settlement in principle. As a condition of the parties' settlement, Allied and Independence have agreed to withdraw their currently pending cross-motions for summary judgment and have informed the Court that they wish to withdraw their motions.

On November 1, 2019, after learning of Allied and Independence's settlement, Atlantic filed the instant motion to intervene. Atlantic issued an excess errors and omissions liability insurance policy to Independence that "follows form" to the policy Allied issued. Atlantic seeks to intervene as a plaintiff as a matter of right and permissively to compel a ruling on Allied and Independence's cross-motions for summary judgment. Atlantic argues that a ruling on the parties' cross-motions for summary judgment would determine its obligations as an excess insurer to Independence because its excess policy follows form to Allied's policy. Atlantic argues it would be prejudiced by the Allied and Independence's settlement because it would need to bring a separate lawsuit to litigate the issue that is fully briefed and pending disposition before the Court.

**DISCUSSION**

A motion to intervene, whether by right or by permission, must be timely under Federal Rule of Civil Procedure 24. *See In re Fine Paper Antitrust Litig.*, 695 F.2d 494, 500 (3d Cir. 1982). Timeliness for purposes of a motion to intervene is determined by the court in an exercise of its sound discretion. *See United States v. Alcan Aluminum, Inc.*, 25 F.3d 1174, 1181 (3d Cir. 1994). To determine whether intervention is timely, the Court must "consider[] the totality of the circumstances arising from three factors: '(1) the stage of the proceeding; (2) the prejudice that delay may cause the parties; and (3) the reason for the delay.'" *Wallach v. Eaton Corp.*, 837 F.3d 356, 371 (3d Cir. 2016) (quoting *In re Cmty. Bank of N. Va.*, 418 F.3d 277, 314 (3d Cir. 2005)). "[B]ecause the stage of the proceeding is inherently tied to the question of the prejudice the delay

in intervention may cause to the parties," the analysis for these factors overlaps. *Mountain Top Condo. Ass'n v. Dave Stabbert Master Builder, Inc.*, 72 F.3d 361, 370 (3d Cir. 1995).

Atlantic asserts its motion to intervene is timely because it filed its motion within a week of learning "its interests may no longer be represented by primary insurer Allied World" due to the Allied and Independence's settlement in principle. Mot. to Intervene 3. Atlantic further contends there is no prejudice to the parties through its intervention at this time because the issues it seeks a determination on are fully briefed and pending disposition in Allied and Independence's cross-motions for summary judgment. Allied and Independence contend Atlantic's motion is untimely and they are prejudiced because: (A) this action is at an advanced stage; (B) Atlantic has known since November 2018 that Allied and Independence were engaging in mediation to resolve this case; (C) Atlantic was invited, but declined, to engage in the mediation process; and (D) additional briefing and discovery would be required if Atlantic were allowed to intervene. *See* Independence Resp. 3-7. Considering the totality of the circumstances, the Court finds Atlantic's motion to intervene untimely.

First, given this case's advanced stage, allowing Atlantic to intervene now would prejudice Allied and Independence by derailing their settlement agreement—which involves nine other non-party insurance carriers and was the result of a year-long, complex mediation process. Atlantic argues intervention would not impact settlement because Allied and Independence may still finalize their settlement and the Court can still rule on the issues in the cross-motions for summary judgment. *See* Mot. for Leave to File Reply Brief 5. This argument, however, is devoid of any merit. As *a condition* to Allied and Independence's settlement, they are *required* to withdraw their summary judgment motions. *See* Independence Resp. 2. As a result, allowing Atlantic to intervene now and seek a determination on the pending cross-motions for summary judgment would obviate

3

a *precondition* of Allied and Independence's settlement and wholly obstruct the parties' year-long mediation efforts. Therefore, allowing Atlantic to intervene at this stage would prejudice Allied and Independence by derailing their settlement agreement. *See United States v. Territory of the V.I.*, No. 1986-265, 2012 WL 5448195, at *2-3 (D.V.I. Nov. 7, 2012) (denying motion to intervene as untimely where the proceedings had substantially advanced, intervention would prejudice the parties by derailing a proposed settlement that was the result "months of arms-long negotiation," and the intervenor had not provided a persuasive reason for his delay in intervening), *aff'd*, 748 F.3d 514 (3d Cir. 2014).

Second, even assuming Allied and Independence had not reached a settlement in principle, allowing Atlantic to intervene at this advanced stage would prejudice the parties by placing a new insurance policy at issue. This case has been pending for over two years. Discovery has closed and cross-motions for summary judgment have been fully briefed and argued as to the scope of the Allied policy. Allowing Atlantic to intervene, however, would place Atlantic's excess errors and omissions liability policy at issue. Even though Atlantic contends its policy follows form to the Allied policy, as Allied and Independence note, intervention would require the Court to delay disposition of the pending summary judgment motions for the parties to engage in additional discovery and file supplemental dispositive motions or briefing as to the language of the Atlantic policy and any unique issues it presents. *See* Independence Resp. 4-5. Thus, allowing Atlantic to intervene at this advanced stage and place a new insurance policy at issue would prejudice Allied and Independence, even if a settlement in principle did not exist. *Cf. Mountain Top Condo. Ass'n*, 72 F.3d at 325 (reversing denial of an intervention motion and finding no prejudice to the parties because the intervention motion was made at an early stage of the litigation where some discovery

4

and settlement negotiations had occurred but no depositions had been taken and dispositive motions had not been filed).

Third, Atlantic has failed to provide a legitimate reason for waiting over a year to intervene after learning of, and declining to participate in, Allied and Independence's mediation efforts. Atlantic's lone reason for attempting to intervene now is its assertion that it only recently learned Allied may not be adequately representing Atlantic's interest because of the parties' settlement in principle. This reason is unpersuasive in light of the facts of this case.

As Atlantic notes, "[i]t is established law that timeliness is determined from the time Putative Intervenors *knew or should have known that their interests could be affected* or were not adequately represented . . . ." *Scott, by Tribble v. Snider*, No. 91-7080, 1993 WL 524119, at *3 (E.D. Pa. Dec. 14, 1993) (emphasis added). This is "measured from the point at which the applicant knew, or should have known, of the risk to its rights." *Choike v. Slippery Rock Univ. of Pa. of State Sys. of Higher Educ.*, 297 F. App'x 138, 141 (3d Cir. 2008)

In this case, Atlantic has been aware that the parties have been mediating to resolve this dispute since November 2018. Atlantic was invited to join this process but declined. And since that time, despite knowing the parties' may settle this action without its input and potentially affect its rights and interests, Atlantic did nothing to intervene. Atlantic's reason for delay is therefore not convincing in light of its knowledge of the parties' mediation efforts because it "knew, or should have known, of the risk to its rights" by the parties' possible settlement for more than a year. *Id.* Atlantic has consequently failed to provide a legitimate reason for waiting over a year to intervene after learning of, and declining to participate in, Allied and Independence's mediation efforts. *See Arietta v. City of Allentown*, No. 04-5306, 2007 WL 2071671, at *8 (E.D. Pa. July 12, 2007) ("A party's decision to wait to intervene until the point at which settlement was imminent

5

strongly suggests that the party was not interested in intervening in the litigation, but in blocking a settlement between the parties." (citation omitted)).

Accordingly, considering the totality of the circumstances, the Court finds Atlantic's motion to intervene untimely. *See, e.g.*, *Choike*, 297 F. App'x at 141-42 (3d Cir. 2008) (affirming denial of a motion to intervene where intervenor only sought to intervene after discovery had closed five months before the motion was filed and the parties had submitted a proposed settlement to the court).

**CONCLUSION**

Because the Court finds Atlantic's motion to intervene is untimely, the motion will be denied.

An appropriate Order follows.

BY THE COURT:

/s/ Juan R. Sánchez
Juan R. Sánchez, C.J.